David **DEAN,** Plaintiff/Appellant,

v.

**ST. ANTHONY'S MEDICAL CENTER,
et al., Defendants/Respondents.**

No. 71585.

Missouri Court of Appeals,
Eastern District,
Division Two.

Aug. 11, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 30, 1998.

Application for Transfer Denied
Nov. 24, 1998.

Joseph L. Walsh, III, Joseph L. Walsh, P.C., St. Louis, for plaintiff/appellant.

Stephen L. Beimdiek, Lashly & Baer, P.C., St. Louis, for St. Anthony's Medical Center.

Kevin F. O'Malley, Debra Stachowski Pierce, Clayton, for respondent.

JAMES R. DOWD, Judge.

David Dean appeals from the judgment, following a jury verdict, in favor of defendants St. Anthony's Medical Center ("St.Anthony's") and South County Radiologists, Inc. in a medical malpractice action wherein Dean sought to recover damages resulting from defendants' alleged failure to diagnose a fracture of his mandible. The sole issue on appeal is whether the trial court erred in admitting evidence of Dean's alcohol consumption.

## I. Factual Background

On July 14, 1989, Dean was involved in an automobile accident.

He was transported by ambulance to the emergency room at St. Anthony's and was examined by Dr. Wayna J. Rumley, an emergency room physician. Dr. Rumley took Dean's history and conducted a physical examination. Part of this examination consisted of inspecting Dean's mouth. The inspection revealed that Dean was missing a right upper molar. Dean denied experiencing any loss of consciousness and did not complain of any pain. Dr. Rumley noted that Dean smelled of alcohol, and Dean admitted to consuming alcohol. Dr. Rumley ordered a blood alcohol content test. The results of this test revealed that Dean had a blood alcohol content level of .18. Dean could not remember whether an oral examination was conducted.

Next, Dr. Rumley ordered a facial series of x-rays. She did not order a mandibular series. The x-rays were taken by South County Radiologists pursuant to Dr. Rumley's instructions. Both Dr. Rumley and South County Radiologists read the x-rays as negative for any fractures. Dean's facial lacerations were sutured and he was prepared for discharge from the hospital. Prior to discharge, Dean was given instructions for follow-up care and treatment. Dean was advised to contact a physician or return to St. Anthony's if he experienced any problems. Dean was also given the name of a staff physician at St. Anthony's from whom he could obtain follow-up care and treatment.

Two days later, after experiencing pain in his jaw, Dean contacted his personal physician, Dr. Edwin Magee. Dr. Magee visited Dean's home to examine him. After the examination, Dr. Magee believed that Dean may have a fractured mandible and a possible infection. The following day Dean went to Dr. Magee's office to receive a further examination. Additional x-rays confirmed Dr. Magee's belief that Dean had a fractured mandible. Dr. Magee referred Dean to Dr. John Iacobucci at Barnes Hospital for fur-

ther treatment. Dr. Iacobucci performed an open reduction, internal fixation of the parasymphysial mandibular fracture by placing a metal plate in Dean's mouth. At that time, Dr. Iacobucci did not find evidence of any infection in Dean's jaw. On September 20, 1989, Dean was readmitted to Barnes Hospital and was diagnosed with osteomyelitis in his jaw. As a result of contracting osteomyelitis, Dean underwent three additional surgeries and intensive antibiotic therapy to treat the infection.

Dean thereafter commenced this medical malpractice action against defendants alleging that defendants were negligent in failing to diagnose and treat his fractured jaw. Dean further alleged that defendants were negligent in releasing him from St. Anthony's emergency room without providing him with proper precautionary instructions and/or directions or follow-up concerning his condition.

Prior to trial, Dean's attorney filed a motion *in limine* seeking to preclude defendants from introducing evidence regarding Dean's consumption of alcohol before the accident and Dean's intoxication at the time of the accident or during his trip to the emergency room at St. Anthony's. The trial court denied the motion and the case proceeded to trial. At trial, Dean's attorney objected to the introduction of evidence regarding Dean's alcohol consumption or intoxication, thus preserving the issue of admissibility for appeal. After the close of evidence, the case was submitted to the jury. The jury returned a verdict in favor of St. Anthony's and South County Radiologists, and the trial court entered judgment in accordance with the verdict. Dean filed a Motion for New Trial, claiming that the trial court erred,

*inter alia*, in admitting evidence of his alcohol consumption. The trial court denied the motion. Dean now appeals the judgment.

On appeal, Dean contends that the trial court erred in admitting evidence of his alcohol consumption because this evidence was irrelevant to Dean's treatment.[1] The trial court has wide discretion to admit evidence which will not be disturbed on appeal absent an abuse of that discretion. *Southwestern Bell Yellow Pages, Inc. v. Robbins*, 865 S.W.2d 361, 370–71 (Mo.App.E.D.1993). An abuse of discretion occurs when "the trial court's ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration; if reasonable people can differ about the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion." *Richardson v. State Highway & Transp. Comm'n*, 863 S.W.2d 876, 881 (Mo. banc 1993).

## II. Analysis

The only issue before this court is whether the trial court abused its discretion in admitting evidence of Dean's alcohol consumption and/or intoxication. Contrary to the parties' briefs, this issue is not controlled by *Rodriguez v. Suzuki Motor Corp.*, 936 S.W.2d 104 (Mo. banc 1996). *Rodriguez* overruled the line of cases that held "evidence of a driver's alcohol consumption was admissible only if coupled with evidence of erratic driving or some other circumstance from which it might be inferred that the driver's physical condition was impaired at the time of the acci-

---

1. Dean bases his argument, in part, on the following remarks made by St. Anthony's attorney during opening statement:

    Because the Plaintiff smelled like alcohol and admitted to drinking, Dr. Rumley also order (sic) a blood alcohol test be taken on him so she could be sure that he was not intoxicated to the point that she could not depend upon his mental status as she observed it, or rely upon the answers he gave when she took a history from him.

    A BAC was taken and came back, showed that that the Plaintiff had a blood alcohol content of .18, which is above the legal limit.

    The evidence in this case will show that it's virtually impossible for somebody to have a blood alcohol content of .18 if they have only consumed, as Mr. Dean admitted to, three to four or five beers throughout the course of the entire day.

    *However, Dr. Rumley believed from her observations of the Plaintiff, despite the fact that he had a blood alcohol content which was taken at 11 o'clock, that he was still coherent enough to give her a reliable history with respect to what happened in that accident, where he felt any pain, if any, and what his complaints were.* (emphasis added).

dent." *Id.* at 106. In *Rodriguez* the Supreme Court recognized that when a driver is sued for negligently causing an automobile accident, the admissibility of evidence of the driver's alcohol consumption should be governed by the ordinary standard of admissibility—the evidence is admissible if it is otherwise relevant and material. Thus, while *Rodriguez* contains *dicta* pertaining to this case, its holding is limited to situations where a driver's negligence allegedly caused an automobile accident.

 Without regard to *Rodriguez*, evidence of alcohol consumption is admissible because it is relevant and material to a witness's ability to see, hear, perceive, and observe. *Johnston v. Conger*, 854 S.W.2d 480, 483 (Mo.App. W.D.1993). Although not offered to prove negligence, courts in Missouri have recognized that evidence of intoxication is nevertheless relevant because it relates to the credibility of a witness and his ability to accurately describe the events that took place. *Id.*

We hold that the trial court did not abuse its discretion in admitting evidence of Dean's alcohol consumption or intoxication. The central issue in this case—as in any medical malpractice case—is whether the treating physician exercised that degree of skill and learning ordinarily exercised under the same or similar circumstances by members of his profession. *See Smith v. Kovac*, 927 S.W.2d 493, 496 (Mo.App. E.D.1996). St. Anthony's expert testified that the key indicator of a fractured mandible is complaints of pain. Therefore, Dean's response (or lack thereof) to the physical examination performed by Dr. Rumley is highly relevant.

In this case, Dean does not recall whether Dr. Rumley performed an oral examination; however, Dr. Rumley testified that she inspected the inside of Dean's mouth and determined that he was missing a tooth. This inspection required Dr. Rumley to manipulate Dean's jaw. In addition, the suturing of Dean's facial lacerations also required pressure on his jaw. It is undisputed that Dean failed to register any complaints of pain during any of these procedures. Dean's intoxication is therefore relevant to explain Dr.

Rumley's failure to diagnose the fractured mandible.

The judgment of the trial court is affirmed.

CRANE, P.J., and RHODES RUSSELL, J., concur.